**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| CHASSIDY NESMITH, individually and as Guardian ad Litem on behalf of Skyler Kristopher Scott NeSmith, and as Successor in Interest to the Estate of Kristopher Scott NeSmith; SKYLER KRISTOPHER SCOT NESMITH, | No.    19-55457<br><br>D.C. No.<br>3:15-cv-00629-JLS-AGS |
| Plaintiffs-Appellees, | MEMORANDUM* |
| v. | |
| CHRISTOPHER OLSEN; PATRICK NEWLANDER, | |
| Defendants-Appellants, | |
| and | |
| DOES, 1-100  inclusive; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

---

     \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted March 31, 2020[]
Pasadena, California

Before: MURGUIA and MILLER, Circuit Judges, and STEEH,[***] District Judge.

San Diego County Deputy Sheriffs Patrick Newlander and Christopher Olsen (the Deputies) appeal from the district court's denial of their summary judgment motion asserting qualified immunity from Chassidy NeSmith's action under 42 U.S.C. § 1983 on behalf of herself, the estate of Kristopher NeSmith (NeSmith), and NeSmith's daughter. We have jurisdiction under 28 U.S.C. § 1291. *See Mitchell v. Forsyth*, 472 U.S. 511, 524–25 (1985). We dismiss the appeal in part, and otherwise affirm.

1.      To defeat qualified immunity, NeSmith must establish that (1) the Deputies "violated a statutory or constitutional right," and (2) "that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). We have jurisdiction over a district court's denial of summary judgment based on qualified immunity "only to the extent 'the issue appealed concern[s], not which facts the parties might be able to prove, but, rather, whether or not certain

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable George Caram Steeh III, United States District Judge for the Eastern District of Michigan, sitting by designation.

given facts showed a violation of clearly established law.'" *Foster v. City of Indio*, 908 F.3d 1204, 1210 (9th Cir. 2018) (per curiam) (quoting *Johnson v. Jones*, 515 U.S. 304, 311 (1995)). "In an interlocutory appeal challenging the denial of qualified immunity, we must construe the facts in the light most favorable to the plaintiff." *Orn v. City of Tacoma*, 949 F.3d 1167, 1171 (9th Cir. 2020).

We conclude that we lack jurisdiction over the Deputies' challenge to whether NeSmith demonstrated a constitutional violation. That inquiry turns on whether the Deputies acted with "reckless disregard" of an imminent risk that NeSmith would commit suicide. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc). In arguing that NeSmith did not establish a constitutional violation, the Deputies fail to present the facts in the light most favorable to NeSmith, including by failing to address testimony from another inmate that a rope hanging about "three or four inches" from NeSmith's light was visible on the night before his suicide, when the Deputies conducted hourly security checks. To the extent the Deputies challenge the district court's determination that disputed facts precluded summary judgment, we lack appellate jurisdiction to address those purely factual disputes. *See Eng v. Cooley*, 552 F.3d 1062, 1067 (9th Cir. 2009). And to the extent the Deputies challenge the district court's holding that the facts, taken in the light most favorable to NeSmith, establish that the Deputies violated the Constitution, they waived that argument by

failing to advance an argument that takes the facts in the light most favorable to NeSmith. *See George v. Morris*, 736 F.3d 829, 837 (9th Cir. 2013).

2.     Although we conclude that the Deputies have made enough of a "distinct legal claim" to avoid waiving their challenge to whether NeSmith's rights were clearly established, *see id.*, we nevertheless hold that they were. "A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)).

Before the events at issue in this case, we addressed deliberate indifference to a known risk of suicide in *Conn v. City of Reno*, 591 F.3d 1081 (9th Cir. 2010), *vacated*, 563 U.S. 915 (2011), *reinstated in relevant part*, 658 F.3d 897 (9th Cir. 2011), and in *Clouthier v. County of Contra Costa*, 591 F.3d 1232 (9th Cir. 2010), *overruled on other grounds by Castro*, 833 F.3d 1060. In *Conn*, where a pretrial detainee threatened and attempted to commit suicide by hanging while en route to detention, we held that a jury could reasonably find that arresting officers violated the Constitution by failing to notify jail officials of the detainee's suicide risk. 591 F.3d at 1092, 1102. In *Clouthier*, where a mental health specialist received explicit warnings of the inmate's prior suicide attempts yet removed several suicide precautions, we held that a reasonable jury could find this conduct, too, violated

4

the Constitution. 591 F.3d at 1245.

The Deputies emphasize that we identified no violation of clearly established law in *Horton ex rel. Horton v. City of Santa Maria*, 915 F.3d 592 (9th Cir. 2019), which also addressed a detainee's suicide attempt. But in that case, we distinguished *Conn* and *Clouthier* in large part because Horton had made no clear threat of suicide or suicide attempt. *Id.* at 601.

Here, viewing the facts in the light most favorable to NeSmith, the Deputies observed a rope hanging from NeSmith's light on the night before his suicide. Under those circumstances, the rope presented a clear warning that NeSmith presented an imminent suicide risk. *See Conn*, 591 F.3d at 1092. "Every 'reasonable official would [have understood]'" that failing to recognize that risk violated NeSmith's rights. *al-Kidd*, 563 U.S. at 741 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)) (alteration in original). Indeed, the Deputies declared that had they seen the rope—and viewing the evidence in the light most favorable to NeSmith, we must conclude that they did—they would have removed it and sought medical attention.

3.     We reject the Deputies' remaining unwaived legal challenges. The district court did not collectively analyze liability as to the Deputies or hold that a showing amounting to less than a preponderance of the evidence could create liability.

5

**AFFIRMED IN PART, DISMISSED IN PART.**